# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ABEL MEDINA-QUINTERO,<br><br>　　　　　　Defendant. | NO: 2:09-CR-0004-RHW-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant Abel Medina-Quintero's *pro se* Motion to Reduce Sentence. ECF No. 171. The government did not file a response. The Court has reviewed the filings and is fully informed.

## BACKGROUND

On September 4, 2009, Mr. Medina-Quintero pleaded guilty to one count of Conspiracy to Distribute Five Hundred Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(A)(viii). ECF No. 97. The parties jointly recommended the plea agreement's sentence of 144 months. ECF No. 123. On

December 10, 2009, the Court sentenced Mr. Medina-Quintero to 144 months of incarceration and five years of supervised release following. ECF No. 133.

Mr. Medina-Quintero filed this motion *pro se* on March 24, 2017, ECF No. 171. He requests a sentence reduction based on his participation in a drug treatment program under 18 U.S.C. § 3621(e)(2)(B). *Id.* He also cites deprivation under the color of law of his rights under the Fourteenth Amendment of the United States Constitution pursuant to 18 U.S.C. § 242. *Id.*

**DISCUSSION**

18 U.S.C. § 3621(e)(2)(B) is a provision that grants authority to the Bureau of Prisons to reduce the sentences of nonviolent offenders that participated in drug treatment programs. *See also Lopez v. Davis*, 531 U.S. 230 (2001). This provision is discretionary, not mandatory for the Bureau of Prisons. *Id.* at 241 ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment.").

Congress vested this discretion in the Bureau of Prisons, not the Court. *See Peck v. Thomas*, 787 F.Supp.2d 1145, 1146 (D. Ore. 2011) ("In 18 U.S.C. §§ 3621-3625, Congress vested the [Bureau of Prisons] with broad authority to manage the imprisonment of a convicted person"). Mr. Medina-Quintero presents no argument that the Bureau of Prisons abused its discretion in denying him a

reduction in his sentence. In fact, Mr. Medina-Quintero provides no argument that he has addressed the issue with the BOP. Rather, he presents documentation of participation in a drug treatment program and asks the Court to reduce his sentence under a statute that is beyond its jurisdiction. The Court cannot offer this relief.

Mr. Medina-Quintero's reliance on 18 U.S.C. § 242, alleging deprivation of his Fourteenth Amendment rights, is also misplaced. Even if Mr. Medina-Quintero specified which rights he believes were violated, § 242 is a federal criminal statute that does not give rise to a private right of action. *See Rockefeller v. U.S. Ct. of App. Office, for Tenth Cir. Judges*, 248 F.Supp.2d 17, 24 (D.D.C. 2003); *Dugar v. Coughlin*, 613 F.Supp.849, 852 n. 1 (S.D.N.Y. 1985); *Fiorino v. Turner*, 476 F.Supp. 700, 704 (D.Mass. 1979). Again, the Court cannot offer relief.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Abel Medina-Quintero's Motion to Reduce Sentence, **ECF No. 171**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney's Office and Defendant *at his prison address*.

**DATED** this 24th day of April, 2017.

       *s/ Robert H. Whaley*
       ROBERT H. WHALEY
       Senior United States District Court Judge